UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RODNEY JOE LEWIS #319644        CIVIL ACTION NO. 21-cv-889 SEC P

VERSUS        JUDGE ELIZABETH E. FOOTE

WARDEN VANNOY        MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION

**Introduction**

A DeSoto Parish jury returned a unanimous verdict that Rodney Joe Lewis ("Petitioner") was guilty of both aggravated rape and molestation of a juvenile. The evidence showed that Petitioner was involved in a long-term sexual relationship with the daughter of his live-in girlfriend, and she gave birth to his child when she was 15. The victim testified at trial that Petitioner had been sexually molesting her since she was 11 years old, which was important to the aggravated rape count that required a victim under the age of 13. Petitioner was adjudicated a third-felony habitual offender, and he received enhanced, concurrent life sentences for each of the two offenses.

Petitioner's convictions and sentences were affirmed on appeal. State v. Lewis, 195 So.3d 495 (La. App. 2d Cir. 2016), writ denied, 219 So.3d 330 (La. 2017). Petitioner then filed in state court an application for post-conviction relief. The trial court and appellate court denied the application on the merits. There is no evidence that Petitioner sought review from the state supreme court.

Petitioner next filed the federal habeas corpus petition that is before the court. He argued that the state withheld evidence, the prosecutor coerced the victim to change her testimony, he received ineffective assistance of trial and appellate counsel, the age of the victim was not established, and the prosecutor committed misconduct during closing arguments. The State has filed a thorough memorandum that opposes the petition on the grounds that it is untimely, all but one of the claims were not exhausted in the state courts, and that all claims lack merit. For the reasons that follow, it is recommended that the petition be denied as untimely.

**Timeliness Calculation**

A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first task, then, is to determine the date on which Petitioner's conviction became final after direct review.

Petitioner challenged his conviction on direct appeal to the intermediate appellate court and then filed an application for a discretionary writ to the Supreme Court of Louisiana, which denied the application on May 1, 2017. Petitioner did not file a petition for certiorari to the United States Supreme Court. In these circumstances, Petitioner's conviction is deemed final and commences the running of the federal limitations period when the 90-day period for filing a petition for certiorari to the Supreme Court expires. Matthis v. Cain, 627 F.3d 1001, 1003 (5th Cir. 2010), citing Jimenez v. Quarterman, 129

S.Ct. 681, 685 (2009). Thus, Petitioner's conviction became final for federal habeas purposes 90 days after the Supreme Court of Louisiana denied writs on May 1, 2017. That date is July 31, 2017 (a Monday).

The federal limitations clock began to tick on July 31, 2017, and it ran until Petitioner filed in the state court an application for post-conviction relief. 28 U.S.C. § 2244(d)(2) (a properly filed post-conviction application tolls the federal limitations period). A Louisiana prisoner's *pro se* post-conviction application is deemed filed under the mailbox rule when he delivers it to prison authorities for forwarding to the court. LeBeuf v. Cooper, 2007 WL 1010296 (5th Cir. 2007), citing Causey v. Cain, 450 F.3d 601, 605-06 (5th Cir. 2006). Petitioner's post-conviction application was stamped filed by the state clerk of court on January 26, 2018. Tr. 356. There is no evidence of the date Petitioner tendered the application to prison officials for mailing, but the cover letter that accompanied the application when it was mailed to the clerk of court is dated January 22, 2018. Tr. 356.

The court will grant Petitioner the benefit of any doubt and consider the application to have been tendered to prison officials and filed the same day the cover letter was dated, January 22, 2018 (a Monday). That filing statutorily tolled the federal clock after 175 days had passed. The filing of the post-conviction application did not restart the one-year period. All time that passed between finality of the conviction and the filing of the post-conviction application counts against the one-year period. Lawrence v. Florida, 127 S.Ct. 1079, 1081-82 (2007); Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

The trial court denied the post-conviction application in a written decision. Tr. 401. Petitioner promptly filed an application for supervisory writs with the state appellate court. It appears that the application was not received by the appellate court. Petitioner submitted proof of mailing and other evidence to the Supreme Court of Louisiana, and that court issued an order that directed the appellate court to act on his application. Tr. 420-21. The appellate court issued an order on May 5, 2020 that denied the writ application on the showing made. Tr. 496.

The State represents: "As best as Respondent can determine, no application was made to the Louisiana Supreme Court for review of this decision." Doc. 19-1, p. 4. A Westlaw search of Petitioner's name reveals the supreme court's decision that directed the appellate court to address the application, but there is no sign of a writ application being filed with the Supreme Court of Louisiana after the appellate court denied the application on the merits.

When Petitioner filed his federal petition, the court issued an order that directed Petitioner to present evidence that he had exhausted his state court remedies and that his petition was timely. Petitioner filed a response (Doc. 9) in which he described the appellate court's order being entered on May 5, 2020. He then wrote: "Writs to the Louisiana Supreme Court were denied. Thereafter the Louisiana Supreme Court denied Certiorari and/or review." Petitioner provided no date or case number for that alleged denial. He attached 52 pages of state court filings, but they do not appear to include evidence that Petitioner pursued his post-conviction application beyond the state appellate court's decision on May 5, 2020. After the state represented that there were no such proceedings,

Petitioner had an opportunity to file a traversal and contest that assertion, but he filed nothing. Accordingly, there is no evidence that Petitioner pursued his post-conviction claim after the May 5, 2020 order from the appellate court.

Under Louisiana Supreme Court Rule X, § 5(a), Petitioner had 30 days to file his application for a supervisory writ to the Louisiana Supreme Court. The Fifth Circuit held in Williams v. Cain, 217 F.3d 303, 309-10 (5th Cir. 2000) that a Louisiana post-conviction application ceased to be "pending" for statutory tolling purposes when the prisoner failed to comply with Rule X by filing an application for a supervisory writ within 30 days after the intermediate appellate court denied his application. The court stated in footnote 9 that it need not decide under the facts of that case whether the application ceased to be pending when the appellate court denied the application or 30 days later, when the time for filing an application with the supreme court expired. It appears that courts have since tended to afford tolling for the more generous period that lasts until the expiration of the time for seeking review. See, e.g., Aguillard v. Bickham, 2023 WL 3882030, *3 (W.D. La. 2023) (Whitehurst, M.J.)

If Petitioner is afforded the more generous period, the statutory tolling effect of his post-conviction application would cease on June 4, 2020, 30 days after the appellate court's order. Another minor twist is that this deadline passed during the Covid-19 crisis. The Supreme Court of Louisiana issued an order that any filings due with that court between March 12, 2020 through June 5, 2020 were considered timely if filed no later than June 8, 2020. The legislature also enacted a statute that extended deadlines that would have expired between March 17, 2020 and July 5, 2020 to allow filing by July 6, 2020. La. R.S.

9:5830. See Sanchez De La Rosa v. King, 2023 WL 2823896 (5th Cir. 2023). The court will, for the sake of argument, assume that the statutory tolling extended through July 6, 2020.

Petitioner signed his federal petition on March 30, 2021, and it is postmarked the next day. The federal petition benefits from a mailbox rule that deems it filed when the prisoner tenders it to prison officials for delivery to the court. Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998). The court will give Petitioner the benefit of all doubt and assume the petition was tendered and thus filed on the date it was signed, March 30, 2021 (a Tuesday).

A total of 267 days passed between the end of post-conviction tolling on July 6, 2020 and the filing of the federal petition on March 30, 2021. When those days are added to the 175 days that expired earlier, a total of 442 un-tolled days passed between the finality of Petitioner's conviction and the filing of this federal habeas petition. Thus, even with all doubts resolved in Petitioner's favor, his federal petition was filed approximately 77 days after the one-year federal limitations period expired. The petition was untimely.

**Equitable Tolling**

One of the grounds listed in Petitioner's federal petition is an assertion that he is entitled to (equitable) tolling due to exceptional circumstances. Petitioner wrote that the Louisiana state prisons were on lockdown due to Covid-19 beginning in January 2020, which meant that he did not have access to the law library and inmate counsel in the months that followed.

The one-year limitation of Section 2244(d) "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). The petitioner who

seeks equitable tolling bears the burden of proof on the issue. Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013). He must show (1) that he has been pursuing his rights with "reasonable diligence" and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562.

The "extraordinary circumstances" must be factors outside the petitioner's control; delays of his own making do not qualify. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). A district court's refusal to invoke the doctrine is reviewed for abuse of discretion. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).

Similar arguments have been rejected for not amounting to rare and exceptional circumstances. "[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Ignorance of the law, temporary denial of access to research materials or the law library, and inadequacies of the prison law library also have been rejected as rare and exceptional circumstances that would justify equitable tolling of the statute of limitations for a § 2254 application. Puderer v. Cain, 830 Fed. App'x 458, 459 (5th Cir. 2020); Tate v. Parker, 439 Fed. App'x 375, 376 (5th Cir. 2011). See also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Petitioner's brief contention that he lacked access to the library and inmate counsel during the Covid-19 era that began in early 2020 do not warrant equitable tolling.

**Conclusion**

Prisoners are afforded a one-year limitation period that allows for generous statutory tolling during the pendency of post-conviction applications. Petitioner did not file his federal petition within the allowed one year. He urges equitable tolling, but the ordinary facts he offers are not the sort of rare and exceptional circumstances that permit the application of that doctrine. Petitioner's federal habeas petition is untimely, so there is no need to address its merits of Petitioner's claims or the other defenses raised by the State.

Accordingly,

It is recommended that Petitioner's petition for writ of habeas corpus be denied as untimely.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of August, 2023.

Mark L. Hornsby
U.S. Magistrate Judge